## CALVIN J. PECK *vs.* SYLVANUS CARPENTER.

A tenant in common who has occupied and taken the profits of the joint estate is not liable to his cotenant for a share thereof, unless he has received money for the proceeds of the crops, beyond the amount of his own share.

ACTION OF CONTRACT to recover a share of the profits of a farm in Seekonk, owned by the plaintiff and defendant as tenants in common. At the trial in the court of common pleas, it appeared that the parties were tenants in common of the land for eight months, during which time the defendant had possession of the whole estate, taking from it all the crops, and receiving all the profits; and that, before this action was brought, the tenancy had been terminated by a sale and conveyance of the plaintiff's share to the defendant, at a price which had been fixed at a smaller sum than the value of the share, on account of the value of the hay standing on the farm, which the defendant would have, and which he did actually cut before the conveyance. Upon this evidence, *Bishop*, J. ruled that the plaintiff could not maintain his action; the jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*B. Sanford*, for the plaintiff.

*E. H. Bennett*, for the defendant.

BIGELOW, J. It does not appear that the defendant has ever received any money as the proceeds of the crops or products of the common estate. All that is proved is, that the defendant has occupied the whole estate and taken the hay and other crops growing thereon. It is perfectly well settled that when one tenant in common has the sole occupancy of the common estate, without any claim by the cotenant to enter and occupy with him, no remedy is given by the common law in favor of the latter against the former to recover for such sole use and occupation. Each owns his estate *per mi et per tout*, and each has a right to occupy the whole if his cotenant does not choose to come in and enjoy the estate with him. In such case, the sole occupation of one is not an ouster of the other. It is only

when a tenant in common has received in money more than his share of the rents and profits of the common estate, that an action at law can be sustained in this commonwealth by his cotenant to recover the surplus. *Munroe* v. *Luke*, 1 Met. 464. *Shepard* v. *Richards*, 2 Gray, 424, and cases there cited. There being no such evidence in this case, the plaintiff fails to maintain his action.                    *Exceptions overruled.*